Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
Telephone:  (951) 784-7770
Facsimile:    (619) 297-1022

Attorneys for the Plaintiff



FILED
CLERK, U.S. DISTRICT COURT
NOV 8 2010
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Jason Williams, | Case Number: CV10-8481 JEM |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| NCO Financial Systems, Inc., | |
| Defendant. | |

## INTRODUCTION

1. Jason Williams, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of NCO Financial Systems, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.



Complaint                                         - 1 of 9 -

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Los Angeles, County of Los Angeles, State of California.

10. Defendant is located in the City of Horsham, the County of Montgomery, and the State of Pennsylvania.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

16. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

17. At all times relevant, Defendant conducted business within the State of California.

18. Sometime before November 8, 2009, Plaintiff is alleged to have incurred certain financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

//
//

21. Sometime thereafter, but before November 8, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of this alleged debt.

22. Subsequently, but before November 8, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23. On or about November 8, 2009, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

24. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

25. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

26. During the collection call made by Defendant to Plaintiff on November 8, 2009, Defendant claimed that Plaintiff owed Defendant $17,000.00 for a student loan Plaintiff allegedly acquired through the University of Southern Mississippi ("USM").

27. Plaintiff explained to Defendant that the only student loan Plaintiff ever incurred was for $5,800.00.

28. During this same call, Defendant told Plaintiff that Defendant would take the money directly out of Plaintiff's bank account by using Plaintiff's social security number.

29. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

30. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

HYDE & SWIGART
Riverside, California

31. Through this conduct, Defendant represented or implied that nonpayment of any debt would result in the arrest or imprisonment of a person or the seizure, garnishment, attachment, or sale of property or wages of a person when such action was not lawful Defendant did not intended to take such action. Consequently, Defendant violated 15 U.S.C. § 1692e(4).

32. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

33. During the same call on November 8, 2009, Defendant also told Plaintiff that Plaintiff could serve "jail time" if he did not pay the alleged debt.

34. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

35. Through this conduct, Defendant represented or implied that nonpayment of any debt would result in the arrest or imprisonment of a person or the seizure, garnishment, attachment, or sale of property or wages of a person when such action was not lawful Defendant did not intended to take such action. Consequently, Defendant violated 15 U.S.C. § 1692e(4).

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. On or about December 1, 2008, Defendant began making automatic withdrawals from Plaintiff's bank account. Even though Plaintiff knew he did not owe the debt alleged by Defendant, because Plaintiff feared Defendant's threats, Plaintiff authorized payments to be taken from his account.

//

38. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

39. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

40. On or about August 1, 2009, Plaintiff telephoned Defendant. During this conversation, Defendant told Plaintiff that the debt would reported negatively on his credit report if Plaintiff stopped paying and that doing so would damage his credit.

41. Through this conduct, Defendant communicated or threatened to communicate to a person credit information which was known or which should have been known to be false, including the failure to communicate that a disputed debt is disputed. Consequently, Defendant violated 15 U.S.C. § 1692e(8).

42. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

43. During this same conversation, Defendant further warned Plaintiff not to put a block on the automatic withdrawals by Defendant or Defendant would repossess items that were bought and paid for by Plaintiff to recoup the alleged debt.

44. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

//

45. Through this conduct, Defendant took or threatened to take any nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Consequently, Defendant violated 15 U.S.C. § 1692f(6)(A).

46. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

47. In February, 2010, Plaintiff contacted Plaintiff's bank and stopped any further payments to Defendant. In March, 2010, Defendant telephoned Plaintiff in an effort to continue collecting on the alleged debt. Plaintiff told Defendant to stop calling Plaintiff. Since Plaintiff notified Defendant to stop calling Plaintiff about the alleged debt, Defendant continued to call Plaintiff and to date continues to contact Plaintiff almost daily.

48. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

49. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

//
//
//
//
//

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

//
//

HYDE & SWIGART
Riverside, California

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 11/8/10

Hyde & Swigart

By: _____
Joshua B. Swigart
Attorneys for Plaintiff

AO 440 (Rev. 12/09) Summons in a Civil Action

## UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Jason Williams <br><br> *Plaintiff* <br><br> v. <br><br> NCO Financial Systems, Inc. <br><br> *Defendant* | ) ) ) ) ) ) ) ) ) <br> CV10-8481 JEM <br> Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Andrea Darrow Smith, Esq.
4129 Main Street, Suite B8
Riverside, CA 92501

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 11-8-10

*Signature of Clerk or Deputy Clerk*



# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| Jason Williams | ) | CV10-8481 JEM |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| NCO Financial Systems, Inc. | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Andrea Darrow Smith, Esq.
4129 Main Street, Suite B8
Riverside, CA 92501

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

**TANYA DURANT**

Date: 11-8-10

*Signature of Clerk or Deputy Clerk*

1188

